UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFIEL RIGGINS #286725, )
        Plaintiff, )
         ) No. 2:20-cv-110
v. )
         ) Honorable Paul L. Maloney
R. COOK, *et al.*, )
        Defendants. )
         )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on February 3, 2022 (ECF No. 34). The R&R recommends that this Court grant Defendants' motion for summary judgment as to CO Shimmel Penny but deny Defendants' motion as to CO Cook. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff filed objections to the R&R (ECF No. 35), and Defendants did not file any objections. Because Plaintiff has failed to raise a genuine dispute of material fact regarding his claim against CO Shimmel Penny, the Court will overrule Plaintiff's objections and adopt the R&R.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review of Plaintiff's objections. On review of the evidence, the R&R is adopted over Plaintiff's objections.

From what the Court can discern, Plaintiff's first three objections are that the Magistrate Judge (1) made a "plain error," (2) abused his discretion, and (3) applied the improper legal standard to the facts of this case (ECF No. 35 at PageID.269, ¶ 6). However, Plaintiff fails to develop a single one of these arguments. Rather, he asserts these objections in a conclusory fashion without applying any facts of the present matter to these assertions. The Court will consider these objections waived. *See Brown*, 2017 WL 4712064, at *1 (citing *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007)) ([W]hen an appellant alludes to issues in a perfunctory manner, without argument or development, [courts] consider those issues abandoned and waived.").

Next, it appears that Plaintiff attempts to assert the affirmative defense of estoppel. Again, Plaintiff fails to include any argument as to this assertion (*see* ECF No. 35 at PageID.269, ¶ 6). However, raising a new, substantive argument in an objection to an R&R is not proper. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27) (10th Cir. 1996) (collecting cases holding that issues raised for the first time in objections to a magistrate judge's report and recommendation are

2

deemed waived)). The Court will not consider Plaintiff's attempt at raising the affirmative defense of estoppel.

Finally, in a conclusory statement, Plaintiff objects to the R&R based on his belief that he was not required to exhaust his administrative remedies after a misconduct ticket was dismissed in his favor (*see* ECF No. 35 at PageID.269-70, ¶¶ 6, 8). However, the R&R concluded that "it is not true that a not-guilty finding at the initial misconduct hearing renders a claim exhausted no matter what defense the prisoner raises at a hearing" (ECF No. 34 at PageID.258). Due to Plaintiff's failure to develop this argument, which is contradictory to the R&R but merely alleged in a conclusory fashion, this statement does not constitute a proper objection to the R&R's findings. This objection is thus overruled.

Given that there are no errors in the Magistrate Judge's analysis and Plaintiff has failed to establish a genuine dispute of material fact as to his claim against CO Shimmel Penny, the Court will accept and adopt the recommendations and findings of the R&R. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 34) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is **GRANTED** as to the claim against CO Shimmel Penny and is **DENIED** as to the claim against CO Cook. Only Plaintiff's retaliation claim against CO Cook remains in this action.

**IT IS SO ORDERED.**

Date: March 17, 2022                        /s/ Paul L. Maloney  
                                                                   Paul L. Maloney  
                                                                   United States District Judge